**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESSIE M. LEWIS,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.   16-15394

D.C. No. 1:14-cv-01654-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted January 11, 2018[**]
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

**1.**  The Administrative Law Judge (ALJ) erred in finding that Jessie Lewis

could perform the positions of cashier (DOT #211.462-010) and storage rental

clerk (DOT #295.367-026) despite her limitation to "work involving simple

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

instructions." Those positions require level 3 reasoning, per the Dictionary of Occupational Titles (DOT). We have held that an apparent conflict exists between a limitation to "simple, routine, or repetitive tasks" and "the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 843–44 (9th Cir. 2015). The ALJ therefore was required to "elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether [Lewis] is disabled." SSR 00-4p, 2000 WL 1898704, at *2.

**2.** The ALJ did not err in finding that Lewis could perform the position of office helper (DOT #239.567-010), which requires level 2 reasoning. There is no apparent unresolved conflict between the vocational expert's testimony that Lewis could perform that position and the DOT or its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). *See* SSR 00-4p at *1. SSR 00-4p does not require the ALJ to inquire into potential conflicts between vocational expert evidence and all possible companion publications to the DOT. Lewis cites no case from our court that has required an ALJ to resolve a conflict between vocational expert evidence and information provided in the Revised Handbook for Analyzing Jobs (U.S. Department of Labor 1991) (RHAJ). We therefore decline to hold that SSR 00-4p's requirements were triggered here, even if a conflict existed with the RHAJ.

The vocational expert testified that "there are 10,000" office helper jobs in California. This qualifies as a "significant" number of jobs that Lewis could perform "in the region where [she] lives." *See* 42 U.S.C. § 1382c(a)(3)(B); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527–28 (9th Cir. 2014). Substantial evidence therefore supports the ALJ's finding that Lewis was not disabled. *See id.* at 522–23.

**AFFIRMED.**